(No. 4687.    October 22, 1927.)

MARION ELLIOTT and LETITIA ELLIOTT, His Wife, Respondents, v. H. CRAIG, Appellant.

[260 Pac. 433.]

HUSBAND AND WIFE—COMMUNITY PROPERTY—VOID CONTRACT, EFFECT—RIGHT OF PURCHASERS TO RECOVER.

1.  Under C. S., sec. 4666, contract to convey community property is void, unless wife joined with husband in executing and acknowledging such a contract.

2.  Where husband's contract to convey community property without wife's consent was void, under C. S., sec 4666, subsequently obtaining consent of wife and tendering deed signed and acknowledged by wife *held* not to validate contract.

3.  Purchasers of community property from husband under contract which was void, under C. S., sec. 4666, because of wife's failure to join therein, *held* entitled to recover from husband value of frame building placed on property.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for money had and received, and for value of improvements. Judgment for plaintiffs. *Affirmed.*

D. L. Rhodes, for Appellant.

The contract was only voidable at the option of defendants. (C. S., sec. 4666; *McKinney v. Merritt*, 35 Ida. 600, 208 Pac. 244; *Blaine County Nat. Bank v. Timmerman*, 42 Ida. 338, 245 Pac. 389.)

C. S., sec. 4666, is intended solely to protect the interest of the wife in the community real estate and the privilege of avoiding the contract made by the husband alone is a personal privilege and cannot be made the basis of a right to

Publisher's Note.

3.  See 27 R. C. L., Vendor and Purchaser, sec. 428.

See Husband and Wife, 31 C. J., sec. 1209, p. 124, n. 68, p. 125, n. 7 New; sec. 1211, p. 127, n. 43 New.

terminate the contract by one dealing with the husband. (*Chapman v. Duffy,* 20 Colo. App. 471, 79 Pac. 746; *Seaton v. Tohill,* 11 Colo. App. 211, 53 Pac. 170; 31 C. J. 1066, sec. 163.)

If the contract is void, it is so because it is in contravention of sec. 4666, C. S., and therefore against public policy and neither party may enforce the same specifically or recover damages for its breach. (*Mundy v. Shellaberger,* 161 Fed. 503, 88 C. C. A. 445; *Ferrell v. Wood,* 149 Ark. 376, 16 A. L. R. 1033, 232 S. W. 577; *Ellis v. Batson,* 177 Ala. 313, 58 So. 193; *Berka v. Woodard,* 125 Cal. 119, 73 Am. St. 31, 57 Pac. 777, 45 L. R. A. 420.)

The question of the right of a party to a contract with the husband alone for the purchase of community property, to repudiate the contract and recover the payments, has been determined adversely to such right under a statute identical in meaning with C. S., sec. 4666. (R. & B. Code (Wash.), sec. 5918; *Colcord v. Leddy,* 4 Wash. 791, 31 Pac. 320; *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976; *Wooding v. Crain,* 10 Wash. 35, 38 Pac. 756.)

No fraud or mistake is pleaded or proven and the payments made by the plaintiffs were purely voluntary and cannot be recovered. (*Thimes v. Stumpf,* 33 Kan. 53, 5 Pac. 431; *Maskey v. Lackmann,* 146 Cal. 777, 81 Pac. 115; *Independent School Dist. No. 6 v. Mittry,* 39 Ida. 282, 226 Pac. 1076.)

The improvements were not permanent and in any way enhanced the value of the property, and therefore the value thereof cannot be recovered. (31 C. J. 308; *Bacon v. Thornton,* 16 Utah, 138, 51 Pac. 153; *Holverson v. Evans,* 38 Ida. 428, 224 Pac. 1067; 39 Cyc. 1358.)

Geo. H. Van de Steeg, for Respondents.

Under C. S., sec. 4666, the husband cannot contract to convey community property unless the wife join with him therein. (*Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; *Wits-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064; *Fargo v.*

*Bennett,* 35 Ida. 359, 206 Pac. 692; *Hart v. Turner,* 39 Ida. 50, 226 Pac. 282.)

The rule of law is settled in this state to the effect that an acknowledgment by the wife is necessary to the validity of any instrument whereby community property is sold, conveyed or encumbered. (*McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Myers v. Eby,* 33 Ida. 266, 12 A. L. R. 535, 193 Pac. 77; *Knudsen v. Lythman,* 33 Ida. 794, 200 Pac. 130; *Fargo v. Bennett, supra; Hart v. Turner, supra.*)

The wife, under our statutes, is an equal owner with her husband in the community property. (*Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Peterson v. Peterson,* 35 Ida. 470, 207 Pac. 425; *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247; *Swinehart v. Turner,* 38 Ida. 602, 224 Pac. 74.)

Under sec. 4666, C. S., the contract here involved was absolutely void; it was not merely voidable or unenforceable, but it was an invalid contract and absolutely void. This court has so stated repeatedly in language that cannot admit of any other interpretation or meaning, and it has become fixed and settled law in this state. (*Fargo v. Bennett, supra; McKinney v. Merritt, supra;* 1 C. J., p. 770, sec. 44, and p. 775, sec. 60; *Blaine County National Bank v. Timmerman,* 42 Ida. 338, 245 Pac. 389.)

Failure of the wife to execute and acknowledge a contract for the sale of community property is such a defect as cannot be cured by a subsequent offer by husband and wife to perform by duly executing and acknowledging a deed to the property. (*Childs v. Reed, supra; Hart v. Turner, supra; Scott v. Bush,* 26 Mich. 418, 12 Am. Rep. 311.)

The contract being invalid and absolutely void, whatever benefits appellant received under it from respondents were had and received without consideration, and the amount or value of such benefits had and received by appellant from respondents, less the amount or value of any benefits enjoyed by respondents under the contract, may be recovered back by the respondents from the appellant. (*Smith v. Bach,* 54 Cal. App. 236, 201 Pac. 611; *Amonson v. Idaho Dev. Co.,*

25 Ida. 615, 139 Pac. 352; 39 Cyc., pp. 2019, 2020; *Collins v. Pearsall,* 134 App. Div. 820, 119 N. Y. Supp. 203; *Milner v. Pelham,* 30 Ida. 594, 166 Pac. 594; *Brown v. City of Atchison,* 39 Kan. 37, 7 Am. St. 515, 17 Pac. 465; *Burgess v. Corker,* 25 Ida. 217, 136 Pac. 1127.)

Money paid under a contract which is void or invalid may be recovered back.   (41 C. J., p. 38, sec. 17.)

BABCOCK, Commissioner.—This is an action brought by respondents in which they are seeking to recover of the appellant money paid by them to the appellant on the purchase price of a certain tract of land in the city of Nampa, Idaho, and in addition thereto the value of certain improvements claimed to have been placed on said property by the respondents under a certain purported contract of purchase and sale. The complaint in this action which was filed October 31, 1923, recites the making of the purported contract between the respondents and appellant on the eleventh day of March, 1922, and alleges that at the time of making such contract the appellant, H. Craig, was a married man and that the property in question was community property, and that the contract not being signed by the wife of the appellant was void, and alleges that the defendant repossessed the premises together with the building on the fifteenth day of April, 1923, and asks judgment for the amount paid on the purchase price, $500, and for the value of the improvements, $100, less the reasonable rental value of the property during the time it was occupied by the respondents.

The appellant interposed a general demurrer to the complaint which was by the court overruled; whereupon the appellant answered the complaint, admitted that he was a married man at the time of making said contract and that the property in question was community property; but denied that the agreement was null and void, and alleged that at all times he had the consent and authority of his wife to make the contract in question and that he was ready, willing and able to make a good and sufficient deed to the

property, and brought and tendered the same into the court, which was refused by the respondents.

Appellant further alleges that the sum of $500, claimed by the respondents to have been paid on the contract, was not cash but a second-hand truck of the value of not to exceed $250, received by the appellant on said contract, and denied that any improvements were made on the premises by the respondents.

The case was tried to the court and findings of fact and conclusions of law made and entered on April 4, 1925, to the effect that the contract in question was absolutely null and void, and that whatever of value the appellant received from the respondents under or pursuant to the contract was had and received by the appellant without consideration and that respondents were entitled to recover the same; that the reasonable value of the truck turned over by respondents to appellant was $200 and they had subsequent to the execution of the contract paid in cash to the appellant $29, and had made certain improvements on the premises of the value of $25, making a total of $254, and that the reasonable rental value of the lands for the time that respondents occupied the same was $30, and that the respondents were entitled to judgment accordingly including interest on the $200 payment at the rate of seven per cent per annum from March 11, 1922.

Judgment was entered April 4, 1925, for $303. From this judgment defendant appeals.

The appellant makes seven assignments of error as follows:

"1. The court erred in overruling defendant's demurrer.

"2. The court erred in finding that the plaintiffs did not know that defendant was a married man at the time he entered into the contract.

"3. The court erred in finding that the contract was null and void, and without consideration.

"4. The court erred in its conclusion of law, that the plaintiffs were entitled to recover the consideration paid for the contract.

"5. The court erred in its conclusions of law, that the plaintiffs were entitled to recover the value of the improvements.

"6. The evidence is insufficient to sustain the judgment particularly in this:

"(a) It is insufficient to show that the plaintiffs are entitled to recover more than $200, plus the value of the improvements, $25, plus the sum of $29 found to have been paid on the contract, making a total of $254 with interest thereon for three years and one month, making a total of $308.85, less the rental of $30, leaving a balance of $278.85.

"(b) It is insufficient to show that the alleged improvements were permanent or in any manner enhanced the value of the property.

"(c) It is insufficient to show whether or not the plaintiffs were ready, willing or able to perform their part of the contract.

"7. The complaint does not state facts sufficient to constitute a cause of action particularly in this:

"(a) The complaint shows that time was the essence of the contract; that the plaintiffs were in default without fault of the defendant; that no claim is made that the plaintiffs were ready, willing or able to comply with the terms of the agreement; or that either of the plaintiffs requested or demanded of the defendant a valid and binding contract.

"(b) That it fails to show whether or not the defendant was able to comply with the terms of his contract, that is to say, it does not show that the defendant would not be able to furnish a good and sufficient deed at the time he agreed to do so."

In discussing these assignments the first four and the seventh may be considered together as they all depend upon the validity of the contract in question.

C. S., sec. 4666, reads as follows:

"The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he cannot sell, convey or encumber the com-

munity real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

[1] This court in construing the above statute has repeatedly held that a contract to convey community property, unless the wife joins with the husband in executing and acknowledging the same, is absolutely void, and this has become the fixed and settled law in this state. (*Hart v. Turner*, 39 Ida. 50, 226 Pac. 282; *Fargo v. Bennett*, 35 Ida. 359, 206 Pac. 692; *McKinney v. Merritt*, 35 Ida. 600, 208 Pac. 244; *Childs v. Reed*, 34 Ida. 450, 202 Pac. 685; *Myers v. Eby*, 33 Ida. 266, 12 A. L. R. 535, 193 Pac. 77; *Wits-Keets-Poo v. Rowton*, 28 Ida. 193, 152 Pac. 1064.)

[2] The appellant, however, has taken the position that even though the contract in question was void and unenforceable, the appellant having afterward obtained the consent of his wife to the same, and having at the time of the trial tendered a deed to the property, signed and acknowledged by his wife, that the contract was thereby validated.

The court in considering C. S., sec. 4666, in *Childs v. Reed, supra,* at pp. 456, 457, passing upon a similar contract, said:

"The contract in question was, therefore, unenforceable either by or against respondent, and such defect may not be cured by a subsequent offer by respondent and his wife to perform, by duly executing, acknowledging and tendering a deed to their property. The element of mutuality, in such a case must exist from the inception of the contract, without reference to the subsequent ability or willingness of one of the parties to perform."

[3] As to assignment number five, the evidence shows that during the time respondents held the property they built thereon a small frame building at a cost of about $50, and that it was still upon the property at the time the appellant repossessed the premises and at the time of the trial. The court allowed respondents the sum of $25 as the

value thereof, and we find no error on the part of the court in so doing.

As to assignment number six, by reference to the findings of the court as hereinabove stated and by a computation of interest on the $200 allowance to the respondents, it is evident that an error was made in rendering judgment for $303, and that the correct amount is $266.86.

Paragraphs B and C of assignment number six and assignment number seven are fully covered by the discussions herein of other assignments.

It follows from what has been said that the court did not err in overruling the demurrer to the complaint, or in respect to any findings of fact or conclusions of law made, but that there is an error in the amount of the judgment as hereinabove indicated.

We recommend that the case be remanded to the trial court for a reduction of the amount of the judgment to the sum of $266.85, and upon such reduction being made, that the same be affirmed, with costs to respondents.

Featherstone and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is hereby reduced to $266.85. The cause is remanded to the trial court, with direction to correct its judgment accordingly. Upon such correction the judgment is affirmed, with costs to respondents.