(No. 6636.   October 26, 1939.)

ANDREW LITTLE and AGNES LITTLE, Husband and Wife, Respondents v. BERGDAHL OIL COMPANY, a Corporation, and AXEL FRITIOF BERGDAHL and EDITH BERGDAHL, Husband and Wife, Appellants.

[95 Pac. (2d) 833.]

Fisher & Coffin, for Appellants.

Frawley & Barnes, for Respondents.

HOLDEN, J.—November 4, 1924, respondents Andrew Little and Agnes Little, husband and wife, signed a paper which had for its purpose the leasing of certain lands lying in Gem and Ada counties, Idaho, to appellant Axel Fritiof Bergdahl, for a term of 18 months and "as much longer as Oil, Gas or other mineral can be produced from said land by the lessee or be continued as hereinafter specified." One C. Milo Godfrey witnessed the signatures of the respondents. The next day he made an affidavit in the following words and figures:

"State of Idaho $\Big\}$ ss.
   "County of Ada

"C. Milo Godfrey being duly sworn deposeth and saith, That he resides in Ada County, State of Idaho, that he was present and saw Andrew Little and Agnes Little, personally known to him to be the same persons described in and who executed the attached instrument as a party thereto, sign, seal and deliver the same; and that the said Andrew Little and Agnes Little duly acknowledged in the presence of said affiant, that they executed the same, and that they the said affiant, thereupon and at his request, subscribed his name as a witness thereto.

                              "C. MILO GODFREY

"Subscribed and sworn to before me this 5th day of Nov. 1924.

                              "H. A. ALDEN,
                "Notary Public, residing at Boise, Idaho."

On the same day, November 5, 1924, H. A. Alden, a notary public residing at Boise, Idaho, executed the following:

"State of Idaho $\Big\}$
   "County of Ada

"On the 5th day of Nov. 1924 before me H. A. Alden a Notary Public in and for the State of Idaho, personally appeared C. Milo Godfrey personally known to me to be the same person whose name is subscribed to the within instru-

ment as a witness thereto, who being first duly sworn deposeth and saith, that he resides in Ada County, State of Idaho, that he was present and saw Andrew Little and Agnes Little personally known to him to be the person described in and who executed the said instrument as a party thereto, sign, seal, and deliver the same; and that the said Andrew Little and Agnes Little duly acknowledged, in the presence of said affiant that they executed the same, and that the said affiant, thereupon and at their request, subscribed his name as a witness thereto.

"In witness whereto I have hereunto set my hand and official seal the day and year first above written.

"H. A. ALDEN,

"Notary Public, residing at Boise, Idaho."

The paper, signed as aforesaid, contemplated the exploration of the lands described for the purpose of discovering and producing gas and oil. About 13 years after it was signed, that is to say, September 11, 1937, respondents commenced this suit against appellants to quiet their title to the property therein described. The complaint is in the usual form. February 17, 1938, defendants filed an amended answer. By their answer they denied the material allegations of the complaint and by an affirmative defense pleaded the paper signed by respondents, November 4, 1924, as above stated, attaching a copy of the paper to the amended answer. February 19, 1938, respondents interposed a general demurrer to the answer and affirmative defenses. March 14, 1938, an order was entered sustaining respondents' demurrer to the amended answer and to the several affirmative defenses. June 8, 1938, the cause was tried. Defendants made no appearance at the trial either by counsel or otherwise and their default was entered. Respondent Andrew Little was sworn and examined and documentary evidence introduced in support of the allegations of the complaint. On the same day, to wit, June 8, 1938, decree was rendered and entered quieting title to the lands in controversy in respondents. The appeal to this court is from such decree.

C. S., section 5392, in force at the time the paper in question was signed (amended Sess. Laws 1937, p. 291, but not as

to the taking of acknowledgments of natural persons; now, as amended, sec. 54–706, I. C. A.), provides that:

"The acknowledgment of an instrument must not be taken, unless the officer taking it knows, or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in, and who executed the instrument; . . . . "

Sections 54–707, 54–708, 54–709 and 31–913, I. C. A., provide as follows:

(54–707.) "The acknowledgment of a married woman to any instrument in writing shall be taken and certified to in the same manner and form as that of a single person, and must be substantially in the form prescribed by section 54–709."

(54–708). "An officer taking the acknowledgment of an instrument must indorse thereon a certificate substantially in the forms hereinafter prescribed."

(54–709). "The certificate of acknowledgment, unless it is otherwise in this chapter provided, must be substantially in the following form:

"State of Idaho, county of ——, ss.

"On this —— day of ——, in the year of ——, before me (here insert the name and quality of the officer), personally appeared ——, known to me (or proved to me on the oath of ——), to be the person whose name is subscribed to the within instrument, and acknowledged to me that he (or they) executed the same."

(31–913). "The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

It is clear section 54–709, *supra*, requires that the person whose acknowledgment is to be taken must appear personally before the officer who is to take it, and that section 54–706, *supra*, provides that unless such officer himself knows,

or has satisfactory evidence on the oath or affirmation of a credible witness, the person so appearing personally before him is the identical person who signed, or executed, the instrument to be acknowledged, then he, the officer, must not take the acknowledgment. In other words, an officer authorized to take acknowledgments cannot, in the absence of the identical person who signed the instrument, accept the affidavit of a witness to the signature, and then, and upon such affidavit alone, take the acknowledgment, as was done in the case at bar. When the officer himself does not know the person who appears before him is actually the same person whose name is subscribed to the instrument, then he is authorized under the statute (sec. 54–706, *supra*), to accept either the oath or affirmation of a credible witness. Here, the record discloses that neither of the respondents personally appeared before notary public Alden, hence, he could not accept nor act upon the Godfrey affidavit and take the acknowledgment of either of the respondents.

Appellants argue, however, that ''since the statute above quoted (referring to Section 31–913, *supra*), makes the joint acknowledgment of husband and wife essential to the validity of the instrument, such acknowledgment forms part of, and is embodied in, the execution of the instrument.''

Section 54–709, *supra,* provides the form of a certificate of acknowledgment. It provides the person whose name is subscribed to the instrument, the signing, or in other words, the execution of which such person desires to acknowledge, shall appear before the officer who is to take the acknowledgment and acknowledge to that officer ''that he (the person whose name is subscribed to the instrument) executed the same.'' From which it becomes perfectly evident the instrument must first have been executed, or, in other words, signed, and then, that having already been done, the officer, if requested, may certify to that fact in the manner and form therein (section 54–709, *supra*) provided—clearly disclosing the execution of an instrument and its acknowledgment are separate, independent acts. The view that they are separate and independent acts in that the due execution or genuineness of an instrument goes simply to the question of its having been the

act of a party just as represented, or stated differently, that the signature is not spurious, finds substantial support in *Cox v. Northwestern Stage Co.,* 1 Ida. 376, 380, decided January, 1871 where we held that:

"The due execution of an instrument goes to the manner and form of its execution according to the laws and customs of the country, by a person competent to execute it. The genuineness of an instrument evidently goes to the question of its having been the act of the party just as represented, or, in other words, that the signature is not spurious; and that nothing has been added to it, or taken away from it, which would lay the party changing the instrument, or signing the name of the person, liable for forgery."

It follows an acknowledgment does not form a part of the execution of an instrument. Moreover, here there was no acknowledgment as provided and required by statute. Consequently, it could not form a part of or be embodied in the execution of the paper in question as contended by appellants. Appellants attached a copy of the paper under discussion to their answer, with the Godfrey affidavit annexed to it. The most respondent could have admitted by demurrer was that Godfrey made the affidavit in the form and as pleaded by appellants. The general demurrer, in these circumstances, admitted the facts shown by the affidavit and submitted to the court the question as to whether there was a valid acknowledgment of such paper.

As this court held in *McKinney v. Merritt,* 35 Ida. 600, 604, 208 Pac. 244:

"We are not authorized to eliminate from the statute the requirement that the wife acknowledge as well as execute the instrument whereby it is sought to sell or encumber community property."

Furthermore, and as above stated, the paper in question contemplated the leasing of the described lands for a term of years. We held in *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692, a written lease of community property for a term of years is a conveyance and an incumbrance within the provisions of C. S., section 4666 (now sec. 31–913, *supra,* relied upon by appellants) and is void unless the wife joined with her husband in the execution and acknowledgment thereof.

And in a recent case, *Intermountain Realty Co. v. Allen,* *ante,* p. 228, 90 Pac. (2d) 704, 705, 122 A. L. R. 647, we pointed out:

"The Fargo case passed directly upon this question and considered the previous cases at length and analyzed the statute involved. That case has been consistently followed ever since it was announced in 1922. *McKinney v. Merritt,* 35 Ida. 600, 604, 208 Pac. 244; *Hart v. Turner,* 39 Ida. 50, 56, 226 Pac. 282; *Civils v. First National Bank of Pocatello,* 41 Ida. 690, 241 Pac. 1023; *Blaine County National Bank v. Timmerman,* 42 Ida. 338, 347, 245 Pac. 389; *Elliott v. Craig,* 45 Ida. 15, 21, 260 Pac. 433; *Burnham v. Henderson,* 47 Ida. 687, 690, 278 Pac. 221; *John Hancock Mutual Life Insurance Co. v. Girard,* 57 Ida. 198, 215, 64 Pac. (2d) 254; *Shepherd v. Dougan,* 58 Ida. 543, 561, 76 Pac. (2d) 442. It is the settled law of this state that a lease of real property is a conveyance or encumbrance of real estate."

It is next contended that "by failure to file and serve the affidavit mentioned in Section 5–704, I. C. A., respondents have conclusively admitted the genuineness and due execution of the lease." Section 5–704, I. C. A., provides:

"When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant."

In *Austin v. Brown Brothers Co.,* 30 Ida. 167, 171, 164 Pac. 95, where appellant Brown Brothers Company set out in its answer a copy of an order, claiming the order constituted the contract between the parties, and also where no affidavit denying the order was served and filed upon appellant Brown Brothers Company, this court said:

"It does not follow that by admitting the genuineness and due execution of the instrument pleaded in the answer the respondent admitted that such instrument was the contract between the parties, nor was the respondent precluded thereby from taking any other position in avoidance of the effect of the contract which is not inconsistent with the admission of

its genuineness and due execution." (To the same effect: *Pettengill v. Blackman,* 30 Ida. 241, 164 Pac. 358.)

While the failure of respondents to deny the genuineness and due execution of the so-called lease admitted its genuineness and due execution, it could not preclude respondents from either taking the position, or making the defense, that such paper was invalid in that respondent Agnes Little, wife of respondent Andrew Little, had not acknowledged the same as provided by statute, for the reason that an admission of the genuineness and due execution of the instrument is not inconsistent with the position that the instrument is nevertheless void because not properly acknowledged, in this: That it was true, as admitted by failure to deny by affidavit, respondents had signed, or executed, the purported lease, and it is likewise true the wife, Agnes Little, had not acknowledged the instrument as provided by statute. Hence, it is clear an admission of the genuineness and due execution of the paper could not be inconsistent with respondents' position that it had not been properly acknowledged by the wife and was therefore void.

It is insisted, however, "that a married woman is subject to the law of estoppel," and that respondent Agnes Little is estopped to deny the validity of said instrument, citing *Grice v. Woodworth,* 10 Ida. 459, 461, 80 Pac. 912, 109 Am. St. 214, 69 L. R. A. 584, and *Kansas City Life Ins. Co. v. Harroun,* 44 Ida. 643, 258 Pac. 929.

Professor Bigelow, in his very excellent work on Estoppel, sixth edition, page 28 (see, also, 16 Cyc. 716), defines estoppel *in pais* as follows:

"In order to constitute an equitable estoppel there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice."

Discussing estoppel in the case of *Henshaw v. Bissell,* 18 Wall. 255, 271, 21 L. ed. 835, 841, Justice Field, speaking for the court, said:

"For its application there must be some intended deception in the conduct or declarations of the party to be estopped or such gross negligence on his part as to amount to constructive fraud."

In a very late case, *Loomis v. Gray, ante,* p. 193, 90 Pac. (2d) 529, 536, this court cited and approved the rule announced by Mr. Justice. Field in *Henshaw v. Bissell, supra.*

In the case at bar appellants did not charge the wife, respondent Agnes Little, with falsely representing or concealing any material fact nor with intent to deceive appellants by any act or statement whatever. Neither was it charged that any of the money alleged to have been expended in exploring the lands was expended in reliance upon any false representation of the wife, nor that any money was expended because of the false representation or concealment of any material fact by respondent Agnes Little. And it may be added the record does not show that either respondent Agnes Little or respondent Andrew Little practiced any fraud or deception by which appellants were induced to expend money in the exploration of the Little property.

To constitute an estoppel it must be shown there was a false representation or concealment of a material fact; that it was made with knowledge, either actual or constructive, of the facts; that the party to whom the false representation was made was without knowledge or the means of acquiring knowledge of the real facts; that the false representation was made with the intention that it should be acted upon and the party to whom it was made must have relied on or acted upon it to his prejudice.

Tested by that rule, it is apparent the question of the estoppel of respondent Agnes Little to deny the validity of the paper in question is not presented on this appeal.

In conclusion: The paper in question contemplated leasing the described lands for a term of years. It was therefore intended to be a conveyance within the meaning of section 31–913, *supra.* It was not acknowledged by the wife, respondent Agnes Little, as required by statute, and consequently, was and is void. Further: respondents, for the rea-

sons herein stated, are not estopped to deny the validity of the paper.

Judgment of the trial court is affirmed. Costs awarded to respondents.

Budge, Givens and Morgan, JJ., and Sutphen, D. J., concur.

Ailshie, C. J., deeming himself disqualified, did not participate in the decision.

Petition for rehearing denied.