380 P.2d 6

**B. R. FAIRCHILD, Plaintiff-Appellant,**

v.

**Earl WIGGINS and Alice M. Wiggins, husband and wife, Defendants-Respondents.**

**No. 9109.**

Supreme Court of Idaho.

March 21, 1963.

Donart & Donart, Weiser, for appellant.

Ryan & Speropulos, Weiser, for respondents.

McFADDEN, Justice.

Appellant Fairchild filed this action for declaratory relief to adjudge he was the owner of certain timber growing on lands of respondents Wiggins and wife, or in the alternative for damages for respondents' refusal to allow him to cut the timber. His claim is based on a bill of sale executed and delivered to him, by respondent Earl Wiggins, which bill of sale was not signed or acknowledged by Mrs. Wiggins. Respondents moved for dismissal of the action, which motion was denied, and they filed their answer to appellant's complaint. Respondents submitted interrogatories to appellant which he answered under oath, and thereafter Mrs. Wiggins submitted her affidavit, and both respondents then moved for summary judgment. Appellant filed his affidavit in response to the motion for summary judgment, and on the record as thus presented the trial court entered its order granting such and entered summary judgment voiding the bill of sale and denying any recovery to appellant.

Appellant's answers to the interrogatories and his affidavit reveals the following uncontroverted facts: That about September 13, 1956, Fairchild and Mr. Wiggins discussed the purchase by Fairchild of timber growing on Wiggins' real property. This conversation, held in the Wiggins' home, continued during the dinner hour. Mrs. Wiggins was present during portions of the

conversation, heard the discussions, and was with the two men at dinner. The next day Wiggins and Fairchild had a bill of sale prepared which was signed and acknowledged by Mr. Wiggins; Mrs. Wiggins did not go with the men and did not sign this instrument. The bill of sale, a copy of which was annexed to the complaint, recited in part. that Earl Wiggins:

" * * * does by these presents grant, bargain, sell and convey unto the party of the second part [Fairchild] his executors, administrators and assigns.

"All the saw timber that is now standing and growing on the following described premises:"

[Following which is description of the real property.]

"Said saw timber to be removed by and at the expense of said second party."

After execution of the bill of sale, Fairchild delivered to Wiggins his check for $600.00, payable to Mr. Wiggins.

In the affidavit of Mrs. Wiggins filed in support of the motion for summary judgment, it is disclosed that the real property described in the bill of sale was the community property of her and her husband, and that she never represented to appellant anything concerning the sale of timber on the real property and that she never consented, orally, or in writing to the sale of timber on those premises.

Motions were filed by the respective parties to strike certain portions of the affidavits of the opposing parties. The court granted respondents' motion insofar as statements by appellant concerning his conclusions as to the demeanor of Mrs. Wiggins. The court denied appellant's motion to strike from Mrs. Wiggins' affidavit statements to the effect she never entered into or consented to, an agreement concerning sale of timber, that she made no representations concerning it to Fairchild, and had not been consulted by her husband concerning the sale. The rulings of the trial court on these motions neither add nor detract from the question whether there were material facts at issue between the parties.

Nowhere is it controverted that the real property involved was the community property of respondents; nowhere is it controverted or contended that the bill of sale was not an instrument that encumbered the community real estate. Nowhere does it appear that Mrs. Wiggins made any affirmative representations concerning her acquiescense in the sale of the timber.

I.C. § 32–912 provides: "The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold,

conveyed or encumbered: provided, that the husband or wife may, by express power of attorney, give to the other the complete power to sell, convey or encumber said community property either real or personal. All deeds, conveyances, bills of sale, or evidence of debt heretofore made in conformity herewith are hereby validated."

▆▆▆ That the bill of sale to the timber created an encumbrance upon the community real estate is not disputed, and hence the attempted conveyance of such an interest in the community real estate, without the wife's signature and acknowledgment is void. Fuchs v. Lloyd, 80 Idaho 114, 326 P. 2d 381; Hancock v. Elkington, 67 Idaho 542, 186 P.2d 494; Thomas v. Stevens, 69 Idaho 100, 203 P.2d 597, and cases therein cited. Nor is there merit to appellant's contention that the wife is estopped to deny the validity of the bill of sale. From the facts presented by appellant's interrogatories and his affidavit, and even considering these facts most favorably for appellant, there is no proof of any affirmative action on the part of the wife, no proof of false representation or concealment of material fact, and no proof of any material improvement on the real property.

Little v. Bergdahl Oil Co., 60 Idaho 662, 95 P.2d 833, is a case wherein this court decided an appeal involving a purported oil and gas lease for a term of years, signed but not acknowledged by the wife. In that case it was held the purported lease was void for failure to comply with the requirements of I.C. § 32–912. In dealing with the contention that the wife was estopped to deny the validity of the lease, this court stated:

"To constitute an estoppel it must be shown there was a false representation or concealment of a material fact; that it was made with knowledge, either actual or constructive, of the facts; that the party to whom the false representation was made was without knowledge or the means of acquiring knowledge of the real facts; that the false representation was made with the intention that it should be acted upon and the party to whom it was made must have relied on or acted upon it to his prejudice."

See also: Hughes v. Latour Creek Railroad Co., 30 Idaho 475, 166 P. 219.

The trial court was correct in its determination that the purported bill of sale was void. There was no genuine issue of material fact concerning this problem, and its determination as a matter of law and not of fact was properly made. IRCP 56(c); 3 Barron & Holtzoff Federal Practice and Procedure, § 1234, pgs. 126 and 128; 6 Moore's Federal Practice, § 56.04.

▆▆▆ It is uncontroverted that a check for $600.00 was paid by appellant to Mr. Wiggins. The summary judgment held that the plaintiff recover nothing by the suit. As.

concerns this item involving the check, this court cannot say as a matter of law that Mr. Wiggins was entitled to retain these funds. See: Elliott v. Craig, 45 Idaho 15, 260 P. 433; Shepherd v. Dougan, 58 Idaho 543, 76 P.2d 442. This is an unresolved issue and one necessitating further proceedings in the district court.

Summary judgment is reversed and the cause remanded with directions to proceed with the cause pursuant to IRCP 56(d) on the issue as to appellant's right to restitution of moneys paid.

Costs to appellant.

KNUDSON, C. J., TAYLOR and SMITH, JJ., and MARTIN, District Judge, concur.