430 F.2d 652
 UNITED STATES of America, Appellant,
v.
J. L. McCONKEY, Administrator of the Estate of J. D.
Caradine, also known as John D. Caradine, deceased, Pearl
Caradine, J. D. Caradine, Jr., Charles Caradine, Ollie
Caradine, Shirley Caradine, Deaster Davis, Pearly Caradine,
and the unknown heirs and unknown devisees of J. D.
Caradine, deceased, Appellees.
 No. 24352.
 United States Court of Appeals, Ninth Circuit.
 July 27, 1970.
 
 Cumer L. Green (argued), of Eberle & Berlin, Sherman Furey, U.S. Atty., Clarence D. Suiter, Asst. U.S. Atty., Boise, Idaho, for appellant.
 Robert F. McLaughlin (argued), Mountain Home, Idaho, for appellees.
 Before CARTER and TRASK, Circuit Judges, and BATTIN,* District judge.
 TRASK, Circuit Judge:
 
 
 1
 The United States brings this appeal from an adverse judgment in its action for foreclosure of a mortgage on real property located in Elmore County, Idaho, or, in the alternative, for the declaration of an equitable lien against the property. Federal jurisdiction is conferred under 28 U.S.C. 1345.
 
 
 2
 On November 10, 1964, J. D. Caradine executed and delivered a promissory note and mortgage as evidence of and security for a loan in the amount of $4300 made to him by appellant, acting through Farmers Home Administration. The loan was made for the purpose of making home improvements on Caradine's real property. Caradine executed the mortgage as a single man and also executed an affidavit which averred that he was single.
 
 
 3
 Caradine defaulted on the mortgage and appellant sought to foreclose. The administrator of the estate of Caradine, who had since deceased, answered that the mortgage was invalid as Caradine was married at the time of the execution of the mortgage, and his wife did not join in executing the encumbrance. The district court found the mortgage to be invalid and denied foreclosure. He granted judgment for appellant on the promissory note.
 
 
 4
 We affirm. Evidence at trial showed that J. D. Caradine married Pearl Moore on October 2, 1935. Although the couple had not lived together since 1951 or 1952 when J.D. left their home in California and went to Idaho, there was no evidence of a valid decree of divorce. Pearl visited J. D. in Idaho in 1964. She died October 6, 1968.
 
 
 5
 Although, as noted by the district court, the result is rather harsh under these factual circumstances, the statutory and case law of Idaho is clear that the property must be considered the community real property of these persons, and neither spouse had a right to encumber it without the other joining in the execution and acknowledgment of the instrument encumbering it. Idaho Code 32-912.[1] An encumbrance is void unless both husband and wife join in the execution and their signatures are acknowledged. See, e.g., Fairchild v. Wiggins, 85 Idaho 402, 380 P.2d 6, 8 (1963); Reimann v. United States, 196 F.Supp. 134, 135-136 (D.Idaho 1961), affirmed, 315 F.2d 746 (9th Cir. 1963); Knudsen v. Lythman, 33 Idaho 794, 200 P. 130, 132 (1920). There was no evidence here that the wife had given to the husband any power of attorney to encumber the property.
 
 
 6
 Appellant argues that the Idaho Supreme Court deviated from its strict interpretation of Section 32-912 in Noble v. Glenns Ferry Bank, Ltd., 91 Idaho 364, 421 P.2d 444 (1966). In that case, the court held that a wife who sold community property-- 152 head of cattle-- without her husband's specific knowledge was acting as agent for her husband. Under the factual circumstances of this case, we cannot find that Caradine acted as agent for his wife in executing the mortgage. In Noble, the husband had previously negotiated for the sale of the cattle with the ultimate purchaser. Here, Mrs. Caradine had not lived with J. D. for some twelve years prior to the execution of the mortgage and had no knowledge of its existence. We consider that Noble did not alter the requirements of Section 32-912. See Rogers v. Hendrix, 92 Idaho 141, 438 P.2d 653, 657 (1968).
 
 
 7
 Appellant, in the alternative, contends that the district court erred in refusing to impress an equitable lien or mortgage upon the property in question under the doctrine of equitable estoppel. The district court did not err. To invoke this doctrine, the party to be estopped from denying the validity of an instrument must have been guilty of deception or negligence. Fairchild v. Wiggins, supra; Little v. Bergdahl Oil Co., 60 Idaho 662, 95 P.2d 833, 838 (1939). Not only was Pearl Caradine innocent of any such conduct, but there is no evidence that she had knowledge of the mortgage prior to the commencement of this action. As the district court stated, Section 32-912 was 'intended to protect a wife's vested interest in community property against the possibility of the husband's dissipation of it without the wife's consent or acquiescence.' It cannot be lightly disregarded.
 
 
 8
 The judgment is affirmed.
 
 
 
 *
 Hon. James F. Battin, District Judge, District of Montana, sitting by designation
 
 
 [1]
 Idaho Code 32-912 reads as follows:
 'The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered: provided, that the husband or wife may, by express power of attorney, give to the other the complete power to sell, convey or encumber said community property, either real or personal. All deeds, conveyances, bills of sale, or evidences of debt heretofore made in conformity herewith are hereby validated.'