487 P.2d 957

**L. W. BROWN and Brown & Parker, Inc., a corporation, Plaintiffs-Respondents,**

**v.**

**Noel BURNSIDE and Alese Burnside, husband and wife, Defendants and Cross Complainants-Appellants,**

**v.**

**Amie LANDON and Barbara Landon, husband and wife and the Federal Land Bank of Spokane, Cross Defendants-Respondents.**

**No. 10764.**

Supreme Court of Idaho.

July 29, 1971.

**364**

Denman, Reeves & Oksendahl, Idaho Falls, for appellants.

Lee & Ririe, Rigby, for respondents.

SPEAR, Justice.

In 1963, appellants Noel and Alese Burnside were purchasers of a farm (referred to as "Poplar Farm") from Jesse and Ada Clark. This purchase was by contract with the deed to be delivered later. Also, in 1963, appellants were farming some land known as the "desert farm" owned by Brown & Parker, Inc., hereinafter referred to as "The Corporation." Under the terms of the original lease The Corporation furnished all the machinery and received 50% of the crops. A new agreement was entered into by The Corporation and appellants in 1964 that provided for the purchase by appellants of a full line of farm equipment from The Corporation for a price of $42,300 and for an annual rental of ⅓ of the annual crop. Prior to the 1964 agreement appellants had entered into an oral contract to sell Poplar Farm to Amle Landon and his wife.

The agreement between appellants and The Corporation providing for the sale of equipment and the revised lease of the desert farm was incorporated in a written contract signed by L. W. Brown and Noel Burnside in February 1965. It is uncontraverted that The Corporation was, in fact, the real party in interest. This contract recited that there was a down payment of $12,500 acknowledged to have been received. It had been previously agreed orally between these parties that the down payment would consist of an assignment of the Burnside-Landon contract of sale of the Poplar Farm to The Corporation, appellants abandoning their interest in the sale to the Landons, and Brown and The Corporation arranging a sale of Poplar Farm to Landons. In effect appellants assigned the land sale contract to The Corporation and the payments on the Poplar Farm made by Landon to The Corporation constituted the down payment mentioned in the contract between appellants and The Corporation

Landon and his wife went into possession of Poplar Farm in June 1964 and have ever since held continuous possession of the property. They have made several improvements to the farm and have torn down an old farm house. Also, the Landons have paid all the taxes on Poplar Farm and made all annual payments to The Corporation. At no time until the initiation of this lawsuit by Brown and The Corporation have appellants ever objected to the Landons' possession or improvement of Poplar Farm.

In the years immediately following the formation of their contract with The Corporation, appellants began experiencing poor crops and financial difficulties. They had a loan with the Bank of Idaho, which Brown had signed as guarantor, that was in arrears. At the end of the 1966 crop season appellants and Brown discussed abandoning their contract. In the presence of both appellants it was decided to cancel the contract. All the machinery used on the desert farm by appellants, including some added and replacement machines, would be returned to The Corporation, which was also allowed to keep all payments made by appellants as reasonable rental for the use of the equipment. Some mention was made of the return of Poplar Farm to appellants at this time but no agreement was reached.

The trial court found that the parties agreed in the spring of 1967 that Brown and The Corporation would keep the Poplar Farm contract and pay $9000.00 of appellants' indebtedness. Pursuant to this agreement, all monies owing between these parties were cancelled including a share of an electric power rebate due appellants, amounts owed appellants for feeding respondents' cattle, and certain deficiencies

due these respondents for past crops. Respondents at this time retook possession of the desert farm.

In October 1967, appellants received a warranty deed to Poplar Farm from Jesse and Ada Clark, but they refused to make a warranty deed to The Corporation or Brown.

These respondents brought suit for specific performance to compel appellants to deliver a warranty deed and for money still owing on the contracts between the parties. Appellants counterclaimed to quiet title to Poplar Farm and for damages for conversion alleging that these respondents had converted some of appellants' equipment when they took possession of the equipment on the desert farm. Appellants also entered a cross-complaint against the Landons for the use of Poplar Farm and for damages to the premises.

The trial court found and concluded that the oral contracts between the parties were valid and enforceable because of complete performance and estoppel. Judgment was entered denying appellants any relief in their counterclaim or cross-claim and decreeing specific performance in accord with respondents' prayer for specific performance.

In five of appellants' assignments of error, they challenge several of the trial court's findings of fact. Appellants argue that it was error to find that the transfer of Poplar Farm to The Corporation was shown by clear, convincing and substantial evidence and was intended as a down payment on the machinery purchase contract. Appellants also challenge findings made regarding the cancellation of the machinery purchase contract in 1967; that respondents would keep Poplar Farm, that appellants agreed to transfer equipment purchased by them to respondents, that all monies owed by respondents would be cancelled, and that respondents would retain the electric power rebate.

The other assignments of error concern the following conclusions of law reached by the trial court: (1) that the oral contract to convey real estate was valid despite the fact that there was no writing signed or acknowledged by the wife and (2) that the transfer of real property was completely consummated. Appellants also argue that the trial court erred in denying their petition to quiet title to Poplar Farm, denying them damages on their counterclaim for conversion of farm machinery and the electric power rebate, and denying them damages on their cross-complaint for reasonable rental for the use of Poplar Farm by the Landons and the destruction of the house on that farm.

■ With reference to appellants' assignments of error relative to the findings of fact, we have reviewed the record before use. Although the evidence presented is conflicting on some points, there is ample evidence to support the findings as made by the district court. The rule is well established that where there is substantial and competent, though conflicting, evidence in the record to sustain the findings as made by the trier of fact, the findings will not be disturbed on appeal. Olson v. Quality-Pak Co., 93 Idaho 607, 469 P.2d 45 (1970); Thompson v. Fairchild, 93 Idaho 584, 468 P.2d 316 (1970); Jones v. Big Lost River Irrigation Dist., 93 Idaho 227, 459 P.2d 1009 (1969).

■■ We find the district court correct in concluding that the oral contract between the parties to convey real estate was enforceable and in decreeing that appellants specifically perform by conveying fee title to The Corporation. The Idaho statute of frauds, I.C. § 9–503, requires a transfer of real property to be in writing. However, the statute does not apply when specific performance is sought and there has been partial or complete performance. I.C. § 9–504; Tew v. Manwaring, 94 Idaho 50, 480 P.2d 896 (1971); Quayle v. Mackert, 92 Idaho 563, 447 P.2d 679 (1968); McMahon v. Auger, 83 Idaho 27, 357 P.2d 374 (1960); Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946 (1950). In the case before us practically all the individual terms of the original contract and the

accord and satisfaction had been performed except the delivery of the deed. Though the agreement to transfer the real estate was oral, the district court properly decreed specific performance.

■■ Appellants' contention that the district court erred in holding that the contract was valid even though there was no acknowledgment by the wife is also without merit. I.C. § 32–912 provides:

"The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or .encumbered: provided, that the husband or wife may, by express power of attorney, give to the other the complete power to sell, convey or encumber said community property, either real or personal. All deeds, conveyances, bills of sale, or evidences of debt heretofore made in conformity herewith are hereby validated."

This statute exists for the protection of the wife's interest in the community and cannot be invoked to defeat a worthy claim against it where the wife has been a party to the contract and has received benefits therefrom. Finlayson v. Waller, 64 Idaho 618, 134 P.2d 1069 (1943); Kansas City Life Ins. Co. v. Harroun, 44 Idaho 643, 258 P. 929 (1927); *see also* Grice v. Woodworth, 10 Idaho 459, 80 P. 912 (1904). The evidence discloses that Alese Burnside was either actually aware of the contract to convey "Poplar Farm" or actually participated and benefitted from the contract during its duration. The trial court properly held her estopped to invoke the protective provisions of I.C. § 32–912.

We have examined appellants' other assignments of error, but this disposition renders unnecessary discussion thereof. Judgment decreeing specific performance to respondents and denying appellants relief on their counterclaim and cross-complaint affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.