# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38447

NEW PHASE INVESTMENTS, LLC, )
)
   Plaintiff/Counterdefendant/Respondent, )
)
v. )
)
JOSHUA M. JARVIS aka JOSHUA )
MICHAEL JARVIS, )
)
   Defendant/Crossdefendant/Respondent, )
)
and )
)
DAFCO, LLC, an Idaho limited corporation, )
)
)
Defendant/Counterclaimant/Crossclaimant/ )
Third-Party Plaintiff/Appellant, )
)
and )
)
REBECCA CHIAPPINI-JARVIS; SNAKE )
RIVER FUNDING, INC., an Idaho )
corporation; IDAHO DEPARTMENT OF )
COMMERCE AND LABOR; INTERNAL )
REVENUE SERVICE; UNITED )
SUBCONTRACTORS , INC., d/b/a BOB'S )
INSULATION, a Utah corporation; NEILS & )
JOE'S LES SCHWAB TIRE STORE, INC.; )
a/k/a NEILS & JOE'S O.K. TIRE, INC., an )
Idaho corporation, )
)
   Defendants/Crossdefendants, )
)
and )
)
AMERITITLE, INC., an Oregon )
corporation; FIRST AMERICAN TITLE )
COMPANY, INC., an Idaho corporation; )
JOHN SOMMERS d/b/a S & H PLUMBING; )
H-K CONTRACTORS, INC., an Idaho )
corporation; RUSS RUDY d/b/a/ )

Boise, May 2012 Term

2012 Opinion No. 101

Filed: June 29, 2012

Stephen W. Kenyon, Clerk

**AFFORDABLE TILE & FLOORING;** )
**WADE ALLEN THUESON d/b/a** )
**MOUNTAIN CENTRAL VACUUM** )
**SYSTEMS; BURNS CONCRETE, INC., an** )
**Idaho corporation; MEDICAL RECOVERY** )
**SERVICES, LLC, an Idaho limited liability** )
**company,** )
)
      **Third-Party Defendants.** )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County.  Honorable Gregory S. Anderson, District Judge.

The judgment of the district court is <u>reversed</u>.

Holden, Kidwell, Hahn & Crapo, P.L.L.C., Idaho Falls, for appellant.  Charles A. Homer argued.

Beard St. Clair Gaffney, PA, Idaho Falls, for respondents New Phase.  Jared W. Allen argued.

Joshua Jarvis, respondent pro se.

_____

J. JONES, Justice.

This appeal arises from a dispute between two competing creditors, DAFCO, LLC, and New Phase Investments, LLC.  DAFCO appeals from the district court's determination on summary judgment that DAFCO's deed of trust—although first recorded—was void under I.C. § 32-912 because it encumbered community real property but was not signed by both spouses.  Because I.C. § 32-912 was enacted for the protection of the community rather than third-party creditors, we find that New Phase may not invoke that statute to void DAFCO's competing encumbrance.  We reverse.

## I.
## FACTUAL AND PROCEDURAL HISTORY

Joshua and Rebecca Jarvis were married on June 30, 2006, and remained married throughout the proceedings below. Joshua acquired a piece of real property in Idaho Falls (the "Property") on March 7, 2008.  Although the warranty deed conveyed the Property to Joshua as "a married man dealing with his sole and separate property," the parties do not dispute that it was

community property.  Joshua planned to build a spec home on the Property and, in furtherance of that end, obtained several construction loans using the Property as collateral.

On March 13, 2008, Joshua executed a deed of trust in favor of Snake River Funding, Inc. to secure the amount of $268,000, and that deed was later assigned to DAFCO, LLC.  The deed of trust was recorded in Bonneville County on March 18, 2008.  It is undisputed that Rebecca did not join in the execution of this first-recorded trust deed.  On April 3, 2008, Joshua obtained a $42,000 loan secured by another deed of trust executed in favor of New Phase Investments, LLC, again without Rebecca's signature.

Although Joshua defaulted on those obligations in the summer of 2008, New Phase agreed to loan him additional money secured by new deeds of trust.[1]  Joshua and Rebecca, acting together, executed two deeds of trust in favor of New Phase on October 28, 2008, as well as a third deed of trust on November 3, 2008.  The trust deeds secured amounts of $42,000,[2] $63,600, and $140,000, respectively, and were recorded in Bonneville County on their dates of execution.[3]

On February 3, 2010, New Phase filed a complaint in district court, seeking to foreclose on its three deeds of trust.  DAFCO filed a counterclaim, cross-claim, and third-party claim for foreclosure of its own trust deed.  Each party moved for summary judgment, DAFCO claiming priority because its trust deed was recorded first and New Phase claiming priority on the basis that DAFCO's deed of trust was void under I.C. § 32-912, which requires both spouses to sign an encumbrance of community real property.  On August 5, 2010, the district court granted summary judgment to New Phase because: (1) in the absence of Rebecca's signature, DAFCO's deed was void under I.C. § 32-912 and (2) no equitable defenses to application of the statute applied.  The court subsequently granted New Phase's request for a decree of foreclosure.

Neither Joshua nor Rebecca appeared in the action to challenge either creditor's trust deeds, and the district court ordered default against them both.  The district court also granted DAFCO default judgment against Rebecca, finding that any interest she had in the property was subordinate

---

[1] New Phase's motivation for doing so is unclear.  After Joshua defaulted on his obligations to both DAFCO and New Phase, the parties apparently met to discuss how to proceed.  It was suggested at that meeting that both DAFCO and New Phase would advance additional funds to allow completion of the construction project in hopes of recouping their investments when the property was sold.  Ultimately, DAFCO and New Phase could not agree to that course of action, so New Phase apparently decided to pursue the plan on its own.

[2] This trust deed superseded the first New Phase deed of trust obligation in the same amount.

[3] Various other entities filed mechanic's liens and other encumbrances on the property, but the claims of these parties have been resolved through default, waiver, or stipulation.  The only remaining issue of priority is between New Phase and DAFCO.

3

to that created by the DAFCO trust deed. In addition, the court entered a judgment in favor of DAFCO against Joshua in the amount of $311,751.38. DAFCO timely appealed to this Court from the summary judgment and the decree of foreclosure.

## II.
## ISSUES ON APPEAL

I. Did the district court err in granting summary judgment to New Phase on the basis that DAFCO's deed of trust was void under I.C. § 32-912?

II. Is either party entitled to attorney fees on appeal?

## III.
## DISCUSSION

### A. Standard of Review

This Court reviews a motion for summary judgment pursuant to the same standards as the district court. *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). This Court reviews questions of law *de novo*. *Martin v. Camas County ex rel. Bd. of Comm'rs,* 150 Idaho 508, 511, 248 P.3d 1243, 1246 (2011). The interpretation of a statute is a question of law over which this Court exercises free review. *Gonzalez v. Thacker*, 148 Idaho 879, 881, 231 P.3d 524, 526 (2009).

### B. The district court erred in granting summary judgment to New Phase because I.C. § 32-912 was enacted for the protection of the community—not a third-party creditor of the community.

The threshold issue in this case is whether one creditor of the community may invoke I.C. § 32-912 to attack another creditor's encumbrance. The district court found the statute to be "plain and unambiguous," stating, "[i]t does not limit the applicability of § 32-912 to members of the marital community. It simply provides that a contract to encumber community real property which is not signed by both husband and wife is void." On appeal, DAFCO argues that New Phase lacks standing to enforce the provisions of Section 32-912 because "the Legislature did not intend for the statute to be used as a sword in disputes between competing creditors of the community." New Phase counters that this Court has never found that only members of the community may invoke the benefits of the statute, highlighting the language in *Thomas v. Stevens*, 69 Idaho 100, 105, 203 P.2d 597, 599 (1949), that "a contract to convey community real property which is not signed and

4

acknowledged by both husband and wife is void" and "such a contract is unenforceable, against strangers to the community." New Phase also argues that as the beneficiary of validly executed deeds of trust, it stepped into the shoes of the community and succeeded to its rights, including the right to invoke the statute.

When faced with a question of statutory interpretation, this Court takes the following approach:

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document . . . . When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011) (quoting *Farber v. Idaho State Ins. Fund*, 147 Idaho 307, 310, 208 P.3d 289, 292 (2009)).

Section 32-912 provides:

> Either the husband or the wife shall have the right to manage and control the community property, and either may bind the community property by contract, except that neither the husband nor wife may sell, convey or encumber the community real estate unless the other joins in executing the sale agreement, deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered . . . .

Accordingly, this Court has often held that "a contract to convey community real property which is not signed and acknowledged by both husband and wife is void." *Thomas*, 69 Idaho at 105, 203 P.2d at 599; *Lovelass v. Sword*, 140 Idaho 105, 108–09, 90 P.3d 330, 333–34 (2004). However, we have also repeatedly stated that the purpose of the statute is "the protection of the community." *Finlayson v. Waller*, 64 Idaho 618, 626, 134 P.2d 1069, 1072 (1943); *Tew v. Manwaring*, 94 Idaho 50, 53, 480 P.2d 896, 899 (1971) ("[T]his statute was enacted for the purpose of protecting the community."); *Brown v. Burnside*, 94 Idaho 363, 366, 487 P.2d 957, 960 (1971) ("This statute exists for the protection of the wife's interest in the community. . . .").[4]

Here, the district court erred in finding that the protections of Section 32-912 extend to

---

[4] At the time of the *Brown* decision, the statute provided that the husband "cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance. . ." C.S. § 4666. The statute was amended in 1974 to prohibit either spouse from making a conveyance without the acknowledged signature of the other. 1974 Idaho Sess. Laws, ch. 195, § 2, p. 1502.

parties other than members of the marital community. That provision *only* mentions the rights of the husband and wife in dealing with community property, saying nothing about any rights of third parties. A reading of the provision in the context of the entire chapter is similarly enlightening. Idaho Code § 32-916 provides: "*The property rights of husband and wife are governed by this chapter*, unless there is a marriage settlement agreement entered into during marriage containing stipulations contrary thereto." (emphasis added). Indeed, the language of Section 32-912 is couched as a restraint on members of the community, rather than an immutable rule of real property conveyances. The statute prohibits either spouse from transferring an interest in community real estate without the concurrence of the other—"neither . . . may sell, convey or encumber the community real estate unless the other joins . . . ." While Section 32-912 clearly expresses an intent to govern the property rights of the marital community members, it is silent regarding any rights of third parties. Indeed, our repeated announcement in *Finlayson*, *Tew*, and *Brown*—that the statute was designed for the protection of the community—follows directly from that plain language reading, and we do not see how allowing a creditor to use the statute to attack another creditor's encumbrance furthers that stated purpose. *See In re Clark*, 384 B.R. 563, 566 (Bankr. W.D. Mo. 2008) (applying two similar statutes and holding that "[t]he purpose of both statutes is to protect the non-conveying spouse, not provide creditors . . . with the means to avoid troublesome encumbrances.").

It is true that we have formerly characterized one-spouse transfers of community real estate as "void" rather than "voidable," even going so far as to say that such agreements are "unenforceable, against strangers to the community, for want of mutuality, and that the requisite mutuality must exist at the inception of the contract." *Thomas*, 69 Idaho at 102, 203 P.2d at 599; *Elliot v. Craig*, 45 Idaho 15, 17, 260 P. 433, 434 (1927) (finding an agreement executed without the wife's signature "absolutely void . . . not merely voidable or unenforceable"); *Childs v. Reed*, 34 Idaho 450, 202 P. 685 (1921). However, this Court has in a number of cases evaluated whether a defective conveyance under Section 32-912 is nonetheless enforceable, focusing on the conduct of the non-signing spouse. As we summarized in *Lovelass*,

> I.C. 32–912 provides the general rule that an attempted conveyance of community real estate by one spouse, without the written consent of the other, is void. *See* I.C. § 32–912; *Fuchs v. Lloyd,* 80 Idaho 114, 120, 326 P.2d 381, 384 (1958) (citations omitted). "While it is true that a contract to convey community real estate is void if not signed and acknowledged by both the husband and wife under this statute, this is not an inexorable rule," *Tew v. Manwaring,* 94 Idaho 50, 53, 480 P.2d 896, 899

6

(1971), and "conduct from which acquiescence can be inferred may be sufficient to establish an estoppel." *Calvin v. Salmon River Sheep Ranch,* 104 Idaho 301, 305, 658 P.2d 972, 976 (1983).

140 Idaho at 108–09, 90 P.3d at 333–34 (footnote omitted). Further, "[E]ven if an instrument lacks an acknowledgement of a spouse's signature, the spouse will be deemed to have waived the defect if his or her conduct is consistent with the existence and validity of the instrument." *Id.* at 109, 90 P.3d at 334 (quoting *Lowry v. Ireland Bank*, 116 Idaho 708, 711, 779 P.2d 22, 25 (Ct. App. 1989)). In *Brown*, we affirmed the district court's holding that an oral contract to convey real estate was valid even though there was no acknowledgement by the wife as required by the then-current version of Section 32-912. 94 Idaho at 366, 487 P.2d at 960. We stated, "This statute exists for the protection of the wife's interest in the community and cannot be invoked to defeat a worthy claim against it where the wife has been a party to the contract and has received benefits therefrom." *Id.*

Thus, although labeling conveyances in violation of Section 32-912 as "void," the court has, in effect, treated such agreements as "voidable" by the non-signing spouse. In light of the purpose of the statute, the benefit of Section 32-912 is only intended to flow to the non-signing spouse for the protection of his or her interest in community real property, and it is only the non-signing spouse who may ask a court to declare an attempted transfer void under that statute. In other words, the statute is only properly used as a shield by the non-signing spouse to protect an interest in community real property—not as a sword by a third party to defeat an earlier recorded encumbrance.[5] Here, because the non-signing spouse, Rebecca, failed to come into court to invoke the I.C. § 32-912 shield and void the encumbrance, DAFCO's trust deed remains a valid encumbrance on the Property. Thus, the district court erred in granting New Phase's motion for summary judgment. We have no need to address the remainder of that court's decision regarding equitable defenses.

DAFCO's deed of trust is valid, not having been challenged by Rebecca. There is no dispute but that DAFCO's trust deed was recorded prior to any of New Phase's. Being the first-recorded encumbrance, DAFCO's trust deed has first priority. I.C. § 55-812; *Sun Valley Land and*

---

[5] New Phase's argument that it essentially *became* a community member by operation of its deeds of trust is without merit. Although it is true that New Phase acquired a beneficial interest in the Property upon execution of its trust deeds, it does not follow that it also inherited the statutory protections of a community member. Idaho Code § 32-912 governs the property rights of husband and wife, and New Phase cites no authority for the proposition that an assignee of rights to community property is entitled to the same protections those parties have under the statute.

7

*Minerals, Inc. v. Burt*, 123 Idaho 862, 866, 853 P.2d 607, 611 (Ct. App. 1993). The record discloses that New Phase was fully aware of the DAFCO trust deed prior to the time that its trust deeds were recorded against the Property. Therefore, we reverse the judgment of the district court, vacate the decree of foreclosure, and hold DAFCO's deed to be the first priority encumbrance against the Property.

      **C.**      **Neither party is entitled to attorney fees on appeal because neither party's position is frivolous.**

Each party asserts that they are entitled to fees on appeal because the other's position is frivolous, citing I.C. § 12-121. DAFCO cites New Phase's use of "a statute which it lacks standing to invoke," and New Phase cites DAFCO's disregard of "an overwhelming history of jurisprudence." An award of attorney fees on appeal under I.C. § 12-121 is only appropriate "when this Court has the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation." *Lovelass*, 140 Idaho at 109, 90 P.3d at 334. This is not such a case. The question of whether a third-party creditor can use I.C. § 32-912 as a sword to void a competing encumbrance was a novel one under Idaho law, and both parties made arguments reasonably supported by available authority. Accordingly, no award of fees on appeal is appropriate.

### IV.
### CONCLUSION

Because we find that I.C. § 32-912 was enacted for the protection of the community, the district court erred in declaring DAFCO's trust deed void under that statute at New Phase's request. The district court's judgment is reversed, the decree of foreclosure is vacated, and the case is remanded for further proceedings to foreclose DAFCO's deed of trust. No fees are awarded on appeal. Costs to DAFCO.

Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.