IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43429

| JON DAVID KLEIN, | ) | 2015 Unpublished Opinion No. 414 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 3, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TAMMY LYNN MOORE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. Terry R. McDaniel, Magistrate.

Opinion of the district court, on intermediate appeal from the magistrate, affirming order modifying child custody and support, affirmed.

Tammy L. Moore, Meridian, pro se appellant.

Thomas B. Humphrey, Boise, for respondent.

_____

HUSKEY, Judge

Tammy Lynn Moore appeals from the district court's opinion on appeal affirming the magistrate's decision concerning modification of child custody and support. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

CGK was born to Moore and Jon David Klein in Arizona in 2003. In 2004, pursuant to an Arizona court order, Moore and CGK were allowed to move to Houston, Texas. Klein, who then resided in Arizona, exercised visitation. Klein moved to Idaho in 2005. For six years, Klein traveled to Texas approximately once a month to visit CGK pursuant to the Arizona court order.

In 2011, Moore was offered a two-year teaching contract in the United Arab Emirates. Around that time, Klein temporarily moved to Texas to be with CGK. Klein and CGK

1

subsequently moved to Idaho in June 2011. Moore told Klein she was going to UAE to fulfill a teaching contract. In December 2011, Klein filed a petition to establish custody, visitation, and child support. Moore filed an answer and counterclaim in June 2012. In October 2012, Moore and Klein stipulated to a temporary child support order where Moore would pay $545.00 per month in child support and CKG would remain with Klein.

Moore returned to Idaho from UAE in October 2012 to defend the custody case. She lived in a homeless shelter. Two weeks before the trial to determine custody, Moore obtained an unfurnished apartment approximately ten miles from Klein's home.

In May 2013, the magistrate issued findings of fact and conclusions of law. The magistrate found that Moore abandoned CGK to Klein from August 2011 until two weeks before the trial in May 2013. The magistrate expressed doubt about Moore's intention to remain in Idaho, highlighted discrepancies between Moore's answers to interrogatories and her testimony at trial, and found that Moore made no effort to pay child support while in the UAE. The magistrate ordered that Moore and Klein should have joint legal custody and joint physical custody with Klein having primary physical custody of CGK, with Moore having visitation every other weekend "if and when she obtains a bed for [CGK] at her new apartment." The magistrate also ordered alternating weeks of visitation during the summer. Moore was ordered to pay child support.

Approximately one year later, Moore filed a motion to modify the order or decree seeking a 50/50 joint physical custody arrangement. Moore highlighted three changes in circumstances to support her claim that modification of the custody arrangement was necessary: (1) she no longer resided in the UAE, but in Idaho, and had since October 2012; (2) she had a fully furnished two-bedroom apartment ten minutes from Klein's home, and had lived there since April 2013; and (3) she had been employed full-time since September 2013. Klein filed a motion to dismiss or, in the alternative, motion for summary judgment arguing that there had not been a substantial and material change of circumstances since the May 2013 order. Three days after Klein filed his motion to dismiss, Moore filed both an opposition to Klein's motion and a motion for leave to amend petition to include a change in circumstances for child support and to include documentation and photographs to support substantial and material changes in circumstances.

2

The magistrate held a hearing on the motion for summary judgment. After hearing argument from both parties, the magistrate ruled as follows: (1) the magistrate denied Moore's motion for leave to amend her petition because the court felt it was improper to amend a petition so close to a ruling on a motion for summary judgment; (2) regarding the motion to modify custody, the magistrate found that Moore failed to demonstrate a substantial and material change in circumstances so as to change custody or visitation; and (3) the magistrate found that Moore's full-time employment warranted a modification of the child support obligation, and a hearing was set to discuss those issues. At the child support hearing, Moore expressed dissatisfaction with Klein's insurance, asserting that she had a cheaper insurance option. The magistrate ultimately ordered Moore to pay $306.00 per month beginning November 1, 2014.

Thereafter, Moore filed a motion and affidavit for fee waiver for an appeal to the district court. The magistrate denied the motion, finding that Moore was not an indigent person under Idaho Code § 31-3220(1)(d). Moore timely appealed to the district court. Among the issues on appeal were did the magistrate err in: (1) finding that Moore did not show a substantial and material change in circumstances justifying a change in custody and visitation; (2) denying Moore's motion for leave to amend petition; (3) denying Moore's request to omit or modify the cost of health insurance; (4) determining that the order modifying child support became effective on November 1, 2014, instead of April 16, 2014; and (5) denying Moore's motion for fee waiver?

The district court affirmed the magistrate, finding, *inter alia*: (1) the magistrate did not err when it found that Moore did not meet the threshold showing of a material change in circumstance; (2) the magistrate did not abuse its discretion when it denied Moore's motion for leave to amend; (3) Moore failed to argue the raised health care issue to the magistrate; (4) Moore failed to provide legal authority for her claim that the child support order should apply retroactively; and (5) the magistrate did not err when it found that Moore was not indigent. Moore timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is

substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

## ANALYSIS

Moore presents five issues on appeal: (1) did the magistrate abuse its discretion when it found that Moore failed to demonstrate a substantial and material change in circumstances; (2) did the magistrate abuse its discretion when it denied Moore's motion for leave to amend petition; (3) did the district court err when it held that the request to modify health insurance was not raised before the magistrate; (4) did the magistrate err by not retroactively modifying child support; and (5) did the magistrate err when it denied the motion for fee waiver?

**A.    The Magistrate Did Not Abuse Its Discretion When It Found that Moore Failed to Demonstrate a Substantial and Material Change in Circumstances**

Moore argues that she demonstrated a substantial and material change in circumstances and that a modification of custody was in the best interest of her child, and therefore, the magistrate improperly granted Klein's motion for summary judgment.[1] We disagree.

This Court applies the same standard as the trial court when ruling on a motion for summary judgment. *Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 890, 243 P.3d 1069, 1078 (2010). Summary judgment is proper if "the pleadings, depositions, and admissions on file,

_____

[1]    Moore also argues here, as she did below, findings made in the May 2013 order. The magistrate stated that the arguments were irrelevant but allowed Moore to argue them for the sake of catharsis. The arguments are also irrelevant on appeal and we will not consider them.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Lattin v. Adams Cty.*, 149 Idaho 497, 500, 236 P.3d 1257, 1260 (2010).

In her motion, Moore alleged three substantial and material changes in circumstance: (1) she no longer resided in the UAE, but in Idaho, and had since October 2012; (2) she had a fully furnished, two-bedroom apartment ten minutes from Klein's home, and had lived in the same dwelling since April 2013; and (3) she had been employed full-time since September 2013. Neither party disputes these facts. Instead, the issue is whether those facts entitle Klein to judgment as a matter of law.

The decision of the trial court on a motion to modify child custody is reviewed on appeal for an abuse of discretion. *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009). An abuse of discretion will be found if the magistrate failed to give consideration to relevant circumstances, or if the magistrate's findings are not supported by the evidence. *Drinkall v. Drinkall*, 150 Idaho 606, 610, 249 P.3d 405, 409 (Ct. App. 2011). The party seeking custody modification has the burden of justifying a request for a change in custody. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). Although the threshold question is whether a permanent and substantial change in the circumstances has occurred, the paramount concern is the best interest of the child. *McGriff v. McGriff*, 140 Idaho 642, 647, 99 P.3d 111, 116 (2004).

The magistrate found that the only change since the May 2013 order was that Moore had full-time employment. The magistrate also found that Moore presented no evidence showing that full-time employment justified a request for a change in custody. Based on those findings, the magistrate held that Moore's full-time employment was not a substantial and material change that impacted the best interest of the child. Because Moore failed to satisfy her burden of justifying a request for a change in custody, the magistrate properly granted the motion for summary judgment. Because the magistrate did not abuse its discretion, the district court properly affirmed the magistrate's decision.

5

**B.** **The Magistrate Did Not Abuse Its Discretion When It Denied Moore's Motion for Leave to Amend Petition**

Moore argues the magistrate improperly denied her motion for leave to amend petition because the denial was based primarily on the timing of the motion. The grant or denial of leave to amend is within the discretion of the trial court. *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 755, 331 P.3d 491, 497 (2014).

Because Klein filed a responsive pleading to Moore's motion to modify an order or decree, Moore could only amend the pleading by leave of the court. F.L.R.P. 214. Leave to amend shall be freely given when justice so requires. *Id.* Timeliness alone is not a sufficient reason to deny a motion to amend. *DAFCO*, 156 Idaho at 756, 331 P.3d at 498. Rather, timeliness should be considered in conjunction with other factors, such as undue delay, bad faith, and prejudice to the opponent. *Id.* Therefore, a trial court may consider whether a motion for leave to amend would delay upcoming hearings or trial, comes after court-imposed deadlines have passed, or comes after substantial work has already been completed. *Id.*

Here, the magistrate stated the motion was denied "primarily on timing" and "out of a basic sense of fairness." The magistrate explained that the motion appeared to allege new events and new information and that it wouldn't be proper to allow Moore to amend her petition so close to a ruling on a motion for summary judgment. The magistrate did not abuse its discretion because, in addition to the timing of the motion, the magistrate also considered potential delay and the fact that substantial work had already been completed. Because the magistrate did not abuse its discretion, the district court properly affirmed the magistrate's decision.

**C.** **The District Court Correctly Determined the Request to Modify Health Insurance Was Not Raised Before the Magistrate**

On appeal to the district court, Moore argued the magistrate erred in denying her request to omit or modify her portion of the cost of health insurance based on Klein's refusal to comply with I.C. § 32-717(B)(3). The district court held that Moore did not raise the argument before the magistrate and therefore, would not consider it on appeal.

Idaho Code § 32-717(B)(3) states that under a joint legal custody arrangement, parties are required to share the decision-making rights, responsibilities, and authority relating to the health, education, and general welfare of a child. In the motion to modify, Moore indicated that she was not seeking a change regarding medical, dental, or optical insurance or health care costs. Before the magistrate, Moore argued that she could get a better, cheaper insurance plan but she did not

request the magistrate omit or modify her obligation to pay the cost of health insurance based on Klein's refusal to comply with I.C. § 32-717(B)(3). Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Because Moore did not raise the issue at the magistrate level, the district court properly declined to consider it on appeal.

**D.    The Magistrate Did Not Err by Making the Child Support Effective November 1, 2014.**

Moore argues the magistrate improperly set the effective date of the order modifying support for November 1, 2014, instead of setting a retroactive date. The district court did not consider the issue on appeal because Moore failed to provide authority for her arguments.

Idaho Code § 32-709 provides courts with the ability to retroactively modify child support provisions "only as installments accruing subsequent to the motion for modification" in the event the moving party shows that a substantial and material change of circumstances has occurred since the last child support order. *Rohr v. Rohr*, 128 Idaho 137, 142, 911 P.2d 133, 138 (1996).

Although Moore has correctly established that the magistrate had discretion to retroactively apply child support, she presented no evidence the magistrate abused that discretion. In fact, Moore has presented no evidence that she asked the magistrate to retroactively apply child support prior to the appeal to the district court. Therefore, we hold that the magistrate did not abuse its discretion, and the district court properly affirmed the magistrate's decision.

**E.    The Magistrate Did Not Err When It Denied the Motion for Fee Waiver**

Moore argues that the magistrate improperly denied her motion for fee waiver because it did not provide a reason for its denial. A court may authorize the waiver of fees or costs of an indigent person. I.C. § 31-3220(2). Indigent means a person who is found by the court to be unable to pay fees, costs, or give security for the purpose of prepayment of fess, costs, or security in a civil action. I.C. § 31-3220(1)(d). We assign substantial weight to the trial court's discretion and to its exercise of that discretion. *Johnson v. Jones*, 105 Idaho 602, 603, 671 P.2d 1065, 1066 (1983).

After reviewing Moore's motion for fee waiver, the magistrate denied the waiver because it found that Moore was not an indigent person pursuant to I.C. § 31-3220. Therefore, Moore's argument that the magistrate did not provide a reason for the denial is without merit. Moore also

fails to provide any legal authority to support her claim that the magistrate incorrectly found that she is indigent. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, the district court properly affirmed the magistrate's decision.

**F. Attorney Fees and Costs on Appeal**

Klein seeks attorney fees under I.C. § 12-121 and I.R.C.P. 54(e)(1). An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41. An award of attorney fees under I.C. § 12-121 is not a matter of right to the prevailing party, but is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 157 Idaho 732, 742, 339 P.3d 1136, 1146 (2014). In this case, we decline to award attorney fees and costs on appeal because we do not believe Moore's appeal was pursued frivolously. Therefore, Klein is not entitled to attorney fees and costs on appeal.

**IV.**

**CONCLUSION**

Based on the foregoing, we affirm the district court's opinion on appeal.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.