**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51264**

| | |
|---|---|
| ALAN COMA, | ) |
| | )   **Filed: April 10, 2025** |
|     **Plaintiff-Appellant,** | ) |
| | )   **Melanie Gagnepain, Clerk** |
| v. | ) |
| | )   **THIS IS AN UNPUBLISHED** |
| JAY PLECHNER and SHELLY | )   **OPINION AND SHALL NOT** |
| PLECHNER, husband and wife, | )   **BE CITED AS AUTHORITY** |
| | ) |
|     **Defendants-Respondents.** | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Adam H. Green, District Judge.

Judgment dismissing complaint alleging fraud in real estate purchase, <u>affirmed</u>.

Blewett Mushlitz Hally, LLP; Jonathan D. Hally, Lewiston, for appellant.

Clark & Feeney, LLP; Paul Thomas Clark, Lewiston, for respondent.

LORELLO, Judge

Alan Coma appeals from a judgment dismissing his complaint alleging fraud in a real estate purchase. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Coma purchased property from Jay Plechner and Shelly Plechner, husband and wife, in July 2016. In June 2020, Coma filed a complaint alleging, amongst other things, that the Plechners committed fraud in relation to the purchase and violated the Property Condition Disclosure Act. The Plechners filed an answer to the complaint in September 2020, which asserted twenty-four defenses but did not include a defense based on the statute of limitations.

The Plechners filed a motion for summary judgment in January 2022, which was granted in part and denied in part; Coma's fraud and violation of the Property Condition Disclosure Act

1

claims survived summary judgment. In October 2022, Coma and the Plechners stipulated to the following scheduling deadlines: (1) file motions to amend by May 23, 2023; (2) disclose lay witnesses by June 2, 2023; and (3) file all nondispositive pretrial motions by July 7, 2023. On June 2, 2023, the parties filed their exhibit and witness lists. A jury trial was scheduled to begin on August 21, 2023.

On June 22, 2023, the Plechners filed a second motion for summary judgment. Additionally, on June 27, 2023, the Plechners filed a motion for leave to amend their answer and add the statute of limitations for fraud as an affirmative defense. The district court held a hearing on the motion on August 9, 2023, after which it granted the Plechners' request to amend their answer. At the conclusion of trial, the jury found that Coma did not file his lawsuit within the statute of limitation. The district court, therefore, entered judgment dismissing Coma's complaint with prejudice. Coma appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Coma argues that the district court abused its discretion by permitting the Plechners to amend their answer and add a statute of limitations defense nearly three years after the answer was filed (ten days before the commencement of a jury trial) and after the deadlines for discovery and witness disclosures. The Plechners respond that the district court acted within the boundaries of its discretion. The Plechners also request an award of costs and attorney fees on appeal. We hold that Coma has failed to show the district court abused its discretion. The Plechners are entitled to costs as the prevailing party, but we decline to award attorney fees.

## A.    Leave to Amend Pleadings

The district court has liberal authority to grant leave to amend pleadings prior to trial and permission to do so shall be freely given when justice so requires.  I.R.C.P. 15(a)(2); *West v. El Paso Prods. Co.*, 122 Idaho 133, 135, 832 P.2d 306, 308 (1992).  Absent any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendment, undue prejudice, or futility of amendment, the leave sought should be freely given.  *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 755, 331 P.3d 491, 497 (2014); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272, 561 P.2d 1299, 1305 (1977).  Timeliness alone is not a sufficient reason to deny a motion to amend. *DAFCO LLC*, 156 Idaho at 756, 331 P.3d at 498.  The grant or denial of leave to amend after a responsive pleading has been filed is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of that discretion.  *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991).

The district court identified the issue as one of discretion and acted within the boundaries of that discretion in granting leave to allow the Plechners to amend their answer to include the statute of limitations for fraud defense.  The district court acted consistently with the relevant legal standards in considering whether justice required granting the Plechners' motion for leave to amend their answer and, additionally, whether there was any apparent or declared reason including surprise, prejudice, or delay argued by Coma.  The district court reached its decision through an exercise of reason, explaining:

> The issues surrounding when [Coma] knew about or reasonably should have discovered the defects that he now alleges form the basis for his claims is central to a resolution of the merits of this matter.  The interests of justice are served by a determination on the merits of all matters at issue, including the statute of limitations issue raised by [the Plechners].
>
> The record in this case fails to show any surprise on the part of [Coma] when [the Plechners] raised the issue of statute of limitations.  Nor is there any prejudice to [Coma] other than the potential impact of the statute of limitations itself.  The proposed amendment to [the Plechners'] Answer will not cause any delay in these proceedings.  Any prejudice to [Coma] can best be described as inconvenience.

Coma contends that the statute of limitations defense "was very much a surprise" given the timing of the Plechners' request to amend to assert the defense.  Coma also argues the district court

3

was "wildly incorrect" in its conclusion that Coma was not prejudiced by the amendment. Like Coma's contention that he was surprised by the amendment, this argument is based on the timing of the Plechners' request. The timing of the request alone is not, however, a reason to deny the amendment. *DAFCO LLC*, 156 Idaho at 756, 331 P.3d at 498. Moreover, that Coma disagrees with the district court's reasoning and findings does not show that the district court abused its discretion particularly where, as here, Coma has failed to demonstrate how he was prejudiced. While Coma contends that he "was deprived of the discovery process" and "the ability to secure lay and/or expert witnesses to defend against the statute of limitations defense," he cites nothing in the record to support this claim. For example, Coma has not identified what witness he could or would have called or what discovery he could or would have conducted had the statute of limitations defense been raised earlier in the litigation. Nor does Coma contend that he requested an extension of any deadline in order to do so. To the contrary, the record reflects that the district court offered Coma an extension in which to conduct additional discovery to respond to the statute of limitations defense and to continue the trial, but Coma declined the offer. In his reply brief, Coma defends this decision by asserting that continuing the trial would have been a "proverbial catch-22 situation as any rescheduling of the trial to permit further discovery would also prejudice" him because it would delay resolution of the case, which had already been pending for three years. Coma cites no authority for the proposition that prejudice based on delay is a basis for denying a motion to amend.[1] That Coma disagrees with the district court's decision allowing the Plechners' motion to amend does not demonstrate that the district court abused its discretion.

---

[1] The authority Coma cites in support of his prejudice based on delay argument is I.R.C.P. 1(b), which provides that the Idaho Rules of Civil Procedure "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." Coma emphasizes the "speedy and inexpensive" language from the rule without consideration of whether it is "just" to foreclose a statute of limitations defense. Regardless, we are not persuaded that I.R.C.P. 1(b) changes the calculus on whether the district court abused its discretion in applying the legal standards specifically applicable to determining whether a motion to amend should be granted. *See Bluestone v. Mathewson*, 103 Idaho 453, 455, 649 P.2d 1209, 1211 (1982) (holding that "defense of statute of frauds [could] be raised for the first time in a summary judgment motion even though the reply to the counterclaim ha[d] been filed" because the defense was raised prior to trial and "the defendant was given time to present argument in opposition").

**B.      Costs and Attorney Fees on Appeal**

The Plechners request an award of costs and attorney fees on appeal. Costs shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of this Court. I.A.R. 40(a). An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990).

The Plechners request attorney fees on appeal "as provided under Idaho Appellate Rule 41, Idaho Rules of Civil Procedure 54(d)(1), and Idaho Code §§ 12-107 and 12-121." This conclusory request for attorney fees is insufficient; as such, the request is denied. *See Goldman v. Graham*, 139 Idaho 945, 948, 88 P.3d 764, 767 (2004) (denying request for attorney fees on appeal due to failure to comply with I.A.R. 35(b)(6), which requires argument in support of the request, i.e., reasons attorney fees should be awarded). As the prevailing party, the Plechners are entitled to costs on appeal.

## IV.

## CONCLUSION

Coma has failed to show that the district court abused its discretion by granting the Plechners' motion for leave to amend their answer. Therefore, the judgment dismissing Coma's complaint alleging fraud is affirmed. Costs but not attorney fees are awarded to the Plechners on appeal.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.